Dianne C. Kerns, #011557
Mailing Address:
31 North 6th Avenue #105-152
Tucson, AZ 85701
TELEPHONE 520.544.9094
FACSIMILE 520.989.6269
MAIL@DCKTRUSTEE.COM
Dianne Crandell Kerns, Chapter 13 Trustee

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | CHAPTER 13 PROCEEDINGS |
| LEEANN LANDPHAIR, | Case No. 4:25-bk-01094-SHG |
| MARGARET ANNE SNYDER, | **TRUSTEE'S PLAN OBJECTION/EVALUATION WITH NOTICE OF POTENTIAL DISMISSAL IF CONDITIONS ARE NOT SATISFIED** |
| Debtors. | **RE: ORIGINAL PLAN (DKT #2)** |

DIANNE CRANDELL KERNS, Trustee, has analyzed the above-referenced plan and supporting documents on April 15, 2025 and submits the following evaluation and recommendations:

**General Requirements:**

a. Due to the possibility of errors on the claims docket, it is the Attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and the Plan prior to submitting any proposed Stipulated Order Confirming Plan to Trustee. Trustee will not recommend confirmation, nor stipulate to confirmation, until the proof of claims issues are resolved to Trustee's satisfaction.

b. Requests by Trustee for documents and information are not superseded by the filing of an amended or modified plan. LRBP Rule 2084-10(b).

c. Trustee objects to any reduction in the Plan duration or payout in a proposed Stipulated Order Confirming Plan unless an amended or modified plan is filed (using Local Form 2084-4, Chapter 13 Plan) and noticed out.

d. Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

e. Trustee requires that any Stipulated Order Confirming Plan state: "Debtor is instructed to remit all payments on or before the stated due date each month. Debtor is advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before a discharge can be entered. This requirement is effective regardless of plan payment suspensions, waivers or moratoriums, and must be included in any Stipulated Order Confirming."

f. At the time of confirmation, Debtor is required to certify, via language in the Stipulated Order confirming, that they are current on all payments that have come due on any Domestic Support Orders since the filing of their case and that they are current on all required tax return filings [pursuant to 11 U.S.C. Sec 1325(a)(8), (9)].

g. Debtor or Debtor's Attorney is required to provide copies of Debtor's federal and state income tax returns for each year for the duration of the Plan to Trustee. Tax returns must be forwarded **within 14 days after the returns have been filed**. All Personally Identifiable Information must be redacted prior to submission. **Tax returns should be uploaded securely via bkdocs.us. Tax returns should not be mailed or emailed directly by the debtor.** This requirement is to be included in the Stipulated Order Confirming the plan. Failure to submit tax returns may result in the dismissal of the Chapter 13 case.

h. If Debtors are in default (in any amount) on their first mortgage the plan must propose mortgage conduit payments. If the plan does not propose a mortgage conduit, Trustee objects to confirmation. This may be resolved by amending the plan or seeking an order from the court excusing compliance with the conduit requirement. L.R.B.P. Rule 2084-4(b).

**Specific Requirements:**

1. Tax Refunds. If Debtor receives a non-exempt tax refund in excess of $1,000 during the pendency of this case, said refund must be turned over to Trustee. The proposed stipulated order on confirmation needs to specifically provide that such refund is a SUPPLEMENTAL payment under the plan.

2. <u>The Order Confirming Plan Must Contain the Following Language Related to Treatment of General Unsecured Claims</u>: "General Unsecured Claims. Such claims shall be paid pro rata the balance of payments under the Plan and any unsecured debt balance remaining unpaid at the end of the Plan may be discharged as provided in 11 U.S.C. § 1328(a)."

3. **<u>Filed Proofs of Claim</u>. To date Trustee has noted that the following Creditors have filed proofs of claim that differ from the treatment proposed in the Chapter 13 Plan. <u>Trustee objects to the treatment of these proofs of claim. This objection may be resolved by: (1) amending the secured/priority treatment to match the proofs of claim in the Stipulated Order Confirming the Plan; (2) securing the creditor's signature on the SOC; or (3) filing a response to the objection, setting a hearing and obtaining an order</u>: US BANK NA, FREEDOMROAD FINANCIAL and VANTAGE WEST CREDIT UNION. This objection extends to proofs of claim, if any, filed after the date of this evaluation/objection which seek treatment different from that provided for in the proposed Chapter 13 Plan.**

4. **<u>US BANK NA Proof of Claim x</u>. Trustee objects to confirmation because the creditor has filed a proof of claim in the amount of $2,182.83 for escrow fees and the Chapter 13 Plan does not address this claim. Trustee notes that a motion to be excused from conduit requirement has been granted. This objection may be resolved as indicated in paragraph (3) above.**

5. **<u>Notice of Post-Petition Mortgage Fees</u>. Trustee objects to confirmation because there is a post-petition mortgage fee claim filed by US BANK NA which has not been included in Debtor's plan. This objection may be resolved by either including the fee in the plan or by making a motion to determine whether payment of the claimed fee is required to cure a default or maintain payments in accordance with 11USC 1322(b)(5).**

6. **<u>FREEDOMROAD FINANCIAL Proof of Claim 8.</u> Trustee objects to confirmation because Creditor has filed a secured proof of claim in the amount of $4,170.32 for Debtor's 2019 Triump Bonneville and Debtor's plan proposes to pay $486.00 plus 9.0% interest and $45.00 a month in adequate protection payments. This objection may be resolved as indicated in paragraph (3) above.**

7. **<u>Vehicle Purchased within 910 Days Prior to Filing</u>. Trustee objects to confirmation because Debtor has proposed to pay less than the full amount of principal owed on the claim filed by FREEDOMROAD FINANCIAL which is secured by Debtor's vehicle. It appears that 11 U.S.C. 506 does not apply because the debt was incurred within the 910-day period preceding the date of the filing of the petition. This objection may be resolved by having the secured claimholder sign the order confirming plan agreeing to the proposed treatment, by addressing the proof of claim and the amounts filed by creditor and have the order confirming match the claim or by setting the matter for hearing regarding treatment of the claim.**

8. **VANTAGE WEST CREDIT UNION Proof of Claim 9.** Trustee objects to confirmation because Creditor has filed a secured proof of claim in the amount of $13,511.91 for Debtor's 2014 Ford F150 and Debtor's plan proposes to pay $13,286.00 plus 9.0% interest and $135.00 a month in adequate protection payments. This objection may be resolved as indicated in paragraph (3) above.

9. **Vehicle Purchased within 910 Days Prior to Filing.** Trustee objects to confirmation because Debtor has proposed to pay less than the full amount of principal owed on the claim filed by VANTAGE WEST CREDIT UNION which is secured by Debtor's vehicle. It appears that 11 U.S.C. 506 does not apply because the debt was incurred within the 910-day period preceding the date of the filing of the petition. This objection may be resolved by having the secured claimholder sign the order confirming plan agreeing to the proposed treatment, by addressing the proof of claim and the amounts filed by creditor and have the order confirming match the claim or by setting the matter for hearing regarding treatment of the claim.

10. **Unfiled Proofs of Claim.** To date the following creditors listed in the Plan have not filed proofs of claims: CAPITAL ONE AUTO FINANCE. Trustee reserves the right to supplement or amend this paragraph.

11. **CAPITAL ONE AUTO FINANCE has not filed a Proof of Claim.** Trustee objects to confirmation as Debtor's plan proposes to pay CAPITAL ONE AUTO FINANCE as a secured creditor. However, the creditor has not filed a proof of claim. The Trustee is unable to disburse under the plan without a proof of claim. This objection may be resolved by filing a proof of claim on behalf of the creditor or by persuading the creditor to file a proof of claim.

12. **Plan Payments.** Debtors have made payments in the total amount of $3,455.06. Debtors are delinquent in the amount of $354.94 through April 2025. Trustee will not stipulate to confirmation unless the plan payments are current. Plan payment information may be obtained by logging on to **www.ndc.org.** In general, the information on this website is 24-hours old.

13. Documents Requested by Trustee. Any requested documentation must be uploaded via bkdocs.us within 30 days. Counsel is encouraged to summarize such documentation and explain why it satisfies the concerns raised herein**.**

14. Liquidation Analysis: At this time Trustee believes that the plan **does** satisfy the liquidation analysis requirements. Trustee reserves the right to amend this conclusion.

15. **Projected Disposable Income:** At this time Trustee believes that the plan does not satisfy the projected disposable income requirement of Sec 1325(b). Trustee reserves the right to amend this conclusion.

**According to the Plan Summary, the amount that needs to be paid to unsecured non-priority creditors is $158,184.00, but the plan only proposes to pay $27,589.00 (states pays 100%, however, total unsecured claims filed to date is $201,463.78). The plan as currently proposed pays a dividend of $28,710.65. If the intent was to pay the student loans directly and not through the plan, that needs to be stated affirmatively in the nonstandard provisions.**

16. **<u>Plan Funding</u>. Pursuant to Trustee's calculations, the Chapter 13 Plan is not adequately funded at this time, because it does not comply with 11 U.S.C.§1325(b)(1)(B). According to Debtor's Form 122C, the disposable income of $2,635.88, multiplied by 60 months, results in a dividend to unsecured creditors of $158,152.80. Pursuant to Trustee's calculations, the dividend to unsecured creditors is $28,710.65. Trustee reserves the right to file an amended evaluation requiring adjustments to the terms of the plan, including an increase in plan funding if necessary, in order to address all timely filed proofs of claim once the claims bar date has passed in this case.**

17. <u>Objections to Confirmation</u>. Pursuant to Local Rule 2084-10, Debtor shall resolve plan objections by submitting a proposed SOC to the Trustee or by filing an objection and setting a hearing on the objection <u>within 30 days of this objection/evaluation</u>. <u>If Debtor wishes to confirm by stipulation, all objecting creditors must either (1) withdraw their objection; or (2) sign off on the SOC prior to it being submitted to Trustee</u>. If the resolution of the objection requires changes which have a materially adverse impact on any other creditor under the plan (including a reduction in the amount to any creditor and/or a delay in payment), the plan must be amended/modified so as to provide notice to interested parties and an opportunity for objection provided. To date Trustee has noted that the following creditors have filed objections to the Chapter 13 Plan: **NONE**.

18. <u>Submission of Proposed SOC</u>. If Debtors propose to confirm the plan through a stipulated order on confirmation, a Notice of Submitting Proposed SOC should be filed with the Court, including a complete copy of the Proposed SOC as an exhibit. Counsel should also submit a cover letter checklist that goes through every paragraph of this evaluation/objection and details how the issue has been resolved.

    The Notice, SOC, Cover Letter Checklist, and filing receipt may then be uploaded via bkdocs.us. Trustee will not review a proposed SOC if it does not appear on the court's docket. [1] Trustee considers the time for reviewing a proposed Order pursuant to LRBP Rule 2084-13(e), to begin running when all Recommendation conditions are met.

/ / /

/ / /

---

[1] **The alternative to stipulated confirmation is setting a contested confirmation hearing before the judge**.

RESPECTFULLY SUBMITTED this 17th day of April 2025.

                                                  OFFICE OF THE CHAPTER 13 TRUSTEE
                                                  31 North 6th Avenue #105-152
                                                  Tucson, AZ  85701

                                                  By /s/  DCK #011557
                                                      Dianne C. Kerns, Chapter 13 Trustee

A copy of the foregoing was filed with the court and a copy was transmitted via electronic or first class mail this 4/17/2025 to:

LEEANN LANDPHAIR
MARGARET ANNE SNYDER
2216 N. BELVEDERE AVE.
TUCSON, AZ 85712
Email: lalandphair73@gmail.com
Email: margaret.snyder27@gmail.com
Debtors

Matthew Thomas Foley
Law Offices of Matthew Foley, PLC
4400 E. Broadway, Suite 811
Tucson, AZ 85711
Email: matt@tuclaw.com
Attorney for Debtors

By: AVR