# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| In Re:<br><br>LEEANN LANDPHAIR, and<br>MARGARET ANNE SNYDER,<br><br>Debtors. | In Proceedings Under Chapter 13<br><br>Case No.: 4:25-bk-01094-SHG<br><br>**STIPULATED ORDER CONFIRMING CHAPTER 13 PLAN** |
|---|---|

The Chapter 13 Plan having been properly noticed out to creditors and any objection to confirmation having been resolved,

**IT IS ORDERED** confirming the Chapter 13 Plan of the Debtors as follows:

(A)     **INCOME SUBMITTED TO THE CHAPTER 13 PLAN.** Debtors shall submit the following amounts of future income to the Trustee for distribution under the Plan.

1) <u>Future Earnings or Income</u>. Debtors shall make the following monthly Plan payments:

$**1,905.00** for month **1**.                                           (03/2025)
$**3,455.06** for month **2**.                                           (04/2025)*
$**1,905.00** for month **3**.                                           (05/2025)
$**1,795.00** each month for months **4** through **60**.   (06/2025 - 02/2030)

\* includes $1,550.06 from Debtors' 2024 tax refunds

The payments are due on or before the 12th day of each month commencing March 2025. Debtors are advised that if payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the plan is deemed completed.

The Debtors are required to provide copies of their federal and state income tax returns for each year for the duration of the Plan to Trustee. Tax returns must be forwarded **within 14 days after the returns have been filed**. The purpose is to assist the Trustee in determining any change in Debtors' annual disposable income. All personally identifiable information must be redacted prior to submission. **Tax returns should be uploaded securely via bkdocs.us. Tax returns should not be mailed or emailed directly by the Debtors.** Failure to submit tax returns may result in the dismissal of the Chapter 13 case.

2) <u>Other Property</u>. *If the Debtors receive a tax refund in excess of $1,000.00, the Debtors shall pay such refund directly to the Trustee as supplements to the plan. In the event that other property is submitted, it shall be treated as supplemental payments.*

3) In no event will the term of the Plan be reduced to less than 36 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

(B) **DURATION**. This Plan shall continue for 60 months from the first regular monthly payment described in Paragraph (A) (1) above. If at any time before the end of the Plan period all claims are paid, then the Plan shall terminate.

(C) **CLASSIFICATION AND TREATMENT OF CLAIMS.** Claims shall be classified and paid as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor. The Trustee shall receive the percentage fee on the Plan payments pursuant to 28 U.S.C. § 586(e), then the Trustee will pay creditors in the following order:

1) <u>Administrative expenses</u>:

   <u>Attorney Fees</u>. Matthew T. Foley, shall be allowed total compensation of $4,500.00. Counsel received $3,000.00 prior to filing this case and will be paid $1,500.00 by the Chapter 13 Trustee (see Amended Disclosure of Compensation; Dkt #17).

<u>Flat Fee</u>. Counsel for the Debtors has agreed to a total sum of $4,500.00 or less to represent the Debtors. Counsel has agreed to perform the following services through confirmation of the plan:

☒ All of the below, except Additional Services.

☒ Review of financial documents and information.

☒ Consultation, planning, and advice, including office visits and telephone communications.

☒ Preparation of Petition, Schedules, Statement of Financial Affairs, Master Mailing List.

☒ Preparation and filing of Chapter 13 Plan, Plan Analysis, and any necessary amendments.

☒ Attendance at the § 341 meeting of creditors.

☒ Resolution of creditor objections and Trustee recommendations, and attendance at hearings.

☒ Reviewing and analyzing creditor claims for potential objections & attendance at hearings.

☒ Responding to motions to dismiss, and attendance at hearings.

☒ Responding to motions for relief from the automatic stay, and attendance at hearings.

☒ Drafting and mailing of any necessary correspondence.

☒ Preparation of proposed order confirming the plan.

☐ Representation in any adversary proceedings.

☒ Representation regarding the pre-filing credit briefing and post-filing education course.

2) <u>Claims Secured by Real Property</u>:

   a. US Bank Home Mortgage, the mortgage holder on the Debtors' residence located at 2216 N. Belvedere Ave. in Tucson, Arizona, shall be paid directly by the Debtors outside the plan. The Debtors are current on all payments to US Bank Home Mortgage.

b. US Bank Home Mortgage shall be paid $2,182.83 for its escrow deficiency for funds advanced and projected escrow shortage through the plan.

c. US Bank Home Mortgage shall be paid $200.00 for its Postpetition Mortgage Fees, Expenses, and Charges through the plan.

d. All future real property taxes, including the 2nd half of 2024, for the properties located at 2216 N. Belvedere Ave. in Tucson, Arizona shall be paid directly by the Debtors outside the plan. If such taxes are not paid as they become due, then this Chapter 13 Plan hereby will be amended/modified to include the amount of the delinquent taxes at the statutory rate of 16% per annum, along with any penalties and fees that are assessed. Pima County retains its liens. Debtors agree that the real property values contained in this Chapter 13 Plan and in Debtors' schedules will not affect Pima County's tax assessments in any way.

3) <u>Claims Secured by Personal Property</u>:

a. America First Credit Union, secured by a lien on a 2016 Toyota Prius C, VIN: JTDKDTB31G1117743, shall be paid $14,786.21 with 9% interest. The creditor will receive adequate protection payments of $150.00 per month. The balance of the claim shall be classified as an unsecured non-priority claim.

b. Capital One Auto, secured by a lien on a 2022 Subaru Outback Wilderness Wagon 4D, VIN: 4S4BTGUD5N3192863, shall be paid $28,523.00 with 9% interest. The creditor will receive adequate protection payments of $285.00 per month. The balance of the claim shall be classified as an unsecured non-priority claim.

c. Vantage West Credit Union, secured by a lien on a 2014 Ford F150, VIN: 1FTMF1CM6EKE56553, shall be paid $13,511.91 with 9% interest. The creditor will receive adequate

protection payments of $135.00 per month. The balance of the claim shall be classified as an unsecured non-priority claim.

    d. Freedom Road Financial, secured by a lien on a 2019 Triumph Bonneville, VIN: SMTD 10GN0KT914204, shall be paid $4,170.32 with 9% interest. The creditor will receive adequate protection payments of $45.00 per month. The balance of the claim shall be classified as an unsecured non-priority claim.

4) <u>Unsecured Priority Claims</u>: **NONE**

5) <u>Surrendered Property</u>. Upon confirmation of this plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to collateral to be surrendered. Such creditor shall receive no distribution until the creditor timely files a claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. Assuming the creditor has an allowed proof of claim, should the creditor fail to file an amended claim consistent with this provision, the Trustee need not make any distributions to that creditor. Debtors surrender the following property: **NONE**

6) <u>Other Provisions</u>:

    a. Upon filing the petition, the Debtor was placed in an administrative bankruptcy forbearance, and is providing for the student loans under § (C)(7). Upon the closing of this case and in accordance with 34 C.F.R. § 685.209(k)(4)(iv)(K), the U.S. Department of Education and/or Nelnet shall give the debtor a month of credit toward loan forgiveness for each month that the debtor made a payment under the plan to the trustee.

    b. Debtors' plan is calculated at 100% repayment to unsecured creditors, except for student loans, which shall be paid long-term outside of plan as a second class of general

Page **5** of **8**

Case No. 4:25-bk-01094-SHG

unsecured non-priority creditor. The second class created for student loans is required for plan feasibility.

7) <u>Unsecured Non-priority Claims</u>. All other claims shall be classified as unsecured and non-priority. Such claims shall be paid pro rata the balance of the payments under the Plan and any unsecured debt balance remaining unpaid at the end of the Plan may be discharged as provided in 11 U.S.C. § 1328.

(D) **EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of this Order. Property of the estate vests in Debtors upon confirmation.

**DATED AND SIGNED ABOVE**

Approved as to Form and Content by:

Dianne Crandell Kerns, Esq. #011557
Chapter 13 Trustee

Matthew T. Foley, Esq. #023212
Attorney for Debtors

**PLAN ANALYSIS**

(A) **Plan Payment Summary.** If there is a discrepancy between the plan and the plan analysis, then the provisions of plan as confirmed control.

(1) Trustee's Compensation (10% of Total of Plan Payments to Trustee): ................................................................. $10,958.01

(2) Administrative Expenses (§ (C)(2)) ................................................. $1,500.00

(3) Leases and Executory Contracts (§ (C)(3)) ................................. $0.00

(4)(a) Conduit Mortgage Payments (§ (C)(4)(c)) ................................. $0.00

Page 6 of 8

Case No. 4:25-bk-01094-SHG

|     |        |                                                                                   |           |
| --- | ------ | --------------------------------------------------------------------------------- | --------- |
|     | (4)(b) | Arrearage Claims Secured Solely by Real Property (§ (C)(4)(c))                    | $2,182.83 |
|     | (4)(c) | Postpetition Mortgage Fees, Expenses, and Charges (§ (C)(4)(c))                   | $200.00   |
|     | (5)(a) | Claims Secured by Personal Property or Combination of Real & Personal Property (§ (C)(5)) - Unmodified | $0.00 |
|     | (5)(b) | Claims Secured by Personal Property or Combination of Real & Personal Property (§ (C)(5)) - Modified | $72,391.12 |
|     | (6)    | Priority Unsecured Claims (§ (C)(6))                                              | $0.00     |
|     | (7)    | Unsecured Nonpriority Claims (§ (C)(7)) **(100%)**                                | $22,348.10 |
|     | (8)    | Total of Plan Payments to Trustee                                                 | $23,295.00 |

(B) **Section 1325 analysis.**

    (1)    Best Interest of Creditors Test:

|     |     |     |     |
| --- | --- | --- | --- |
|     |     | (a) Value of Debtors' interest in nonexempt property | $407.79 |
|     |     | (b) Plus: Value of property recoverable under avoiding powers | $0.00 |
|     |     | (c) Less: Estimated Chapter 7 administrative expenses | $112.35 |
|     |     | (d) Less: Amount payable to unsecured, priority creditors | $0.00 |
|     |     | (e) **Equals:** Estimated amount payable to unsecured, nonpriority claims if Debtors filed Chapter 7 | $295.44 |

    **Section 1325(b) Analysis:**

|     |     |     |
| --- | --- | --- |
|     | (a) Monthly Disposable Income, Form B 122C-2 (if less than $0, then state $0) | $2,636.40 |
|     | (b) Applicable Commitment Period | x 60 |
|     | (c) Total of Line (2)(a) amount x 60 | $27,589.00 |

(C)    Estimated Payment to Unsecured, Nonpriority Creditors Under Plan **(100%)** .. $22,348.10

The Debtors certifies: All required State and Federal income tax returns have been filed. No domestic support obligation is owed or, if owed, such payments are current since the filing of the Petition.

_____
LeeAnn Landphair, Debtor

_____
Margaret Anne Snyder, Joint Debtor